1   Michael A. Hood (SBN 71258)
    Matt Bennett (SBN 268373)
2   JACKSON LEWIS LLP
    5000 Birch Street, Suite 5000
3   Newport Beach, CA 92660
    Telephone:  (949) 885-1360
4   Facsimile:  (949) 885-1380
    Email:   Michael.Hood@jacksonlewis.com
5            Matt.Bennett@jacksonlewis.com

6   Attorneys for Defendant
    KINDRED HEALTHCARE OPERATING, INC.
7

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12   DANIELLE ARMENDARIZ,                  ) CASE NO.:  **SACV13-01677 CJC (RNBx)**
                                           )
13            Plaintiff,                   ) **DEFENDANT'S NOTICE OF**
                                           ) **REMOVAL OF ACTION TO**
14        v.                               ) **FEDERAL COURT**
                                           )
15   KINDRED HEALTHCARE                    ) [28 U.S.C. § 1441 (b)]
     OPERATING, INC., and DOES 1-100,      )
16   Inclusive;                            ) [Filed Concurrently with Defendant's
                                           ) Notice of No Related Cases; Defendant's
17            Defendants.                  ) Notice of Interested Parties; and
                                           ) Defendant's Corporate Disclosure
18                                         ) Statement]
                                           )
19                                         ) Complaint Filed:  September 19, 2013
                                           ) Trial Date:  None Set
20                                         )
                                           )
21                                         )
                                           )
22                                         )
                                           )
23                                         )

24

25

26

27

28

---

CASE NO.:                          1      DEFENDANT'S NOTICE OF REMOVAL OF
                                             ACTION TO FEDERAL COURT

1    TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND

2    ATTORNEYS OF RECORD:

3        Defendant KINDRED HEALTHCARE OPERATING, INC. ("Defendant") hereby

4    invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and

5    1441(b) and removes this action from state court to federal court pursuant to 28 U.S.C.

6    section 1446(b).  In support thereof, Defendant asserts:

7

8        1.    On September 19, 2013, Plaintiff DANIELLE ARMENDARIZ ("Plaintiff")

9    filed an unverified civil complaint ("Complaint") against Defendant in the Superior Court

10   of the State of California in and for the County of Orange titled *Danielle Armendariz,*

11   *Plaintiff v. Kindred Healthcare Operating, Inc., a corporation; and Does 1-100,*

12   *inclusive; Defendants*" Case No.: 30-2013-00676553-CU-WT-CJC ("Complaint").

13       2.    In her Complaint, Plaintiff asserts the following causes of action:   (1)

14   disability discrimination in violation of FEHA (Calif. Gov. Code 12940 *et seq.*); (2)

15   failure to accommodate disability (Calif. Gov. Code 12940 *et seq.*); (3) failure to engage

16   in the interactive process (Calif. Gov. Code 12940 *et seq.*); (4) retaliation for taking

17   protected medical leave (Calif. Gov. Code 12945.2 *et seq.*); (5) interference with

18   California Family Rights Act ("CFRA") leave (Calif. Gov. Code 12945.2 *et seq.*); (6)

19   interference with Family Medical Leave Act ("FMLA") leave (29 U.S.C. § 2615 *et seq.*);

20   (7) failure to prevent discrimination and retaliation (Calif. Gov. Code 12940 *et seq.*); and

21   (8) failure to pay all wages due on termination (Calif. Lab. Code § 200 *et seq.*).  A true

22   and correct copy of the Summons and Complaint, together with accompanying exhibits,

23   is attached hereto as Exhibit "A."

24       3.    Defendant filed and served an Answer to Plaintiff's Complaint in the

25   Superior Court of the State of California in and for the County of Orange on October 24,

26   2013.  A true and correct conformed copy of Defendant's Answer is attached hereto as

27   Exhibit "B."

28

4.      This removal is timely because it is being filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. section 1446(b).   The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means.   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5.      Plaintiff's Complaint and Defendant's Answer represent all pleadings and other documents filed with the California Superior Court in this matter as of the date this Notice of Removal is filed.

## FEDERAL QUESTION JURISDICTION

6.      This action is within the original jurisdiction of this Court based upon federal question jurisdiction, pursuant to 28 U.S.C. Section 1331. That statute provides, in pertinent part, as follows: "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treatises of the United States."

7.      28 U.S.C. Section 1441(a) provides the basis for removal jurisdiction of this action based upon the existence of a federal question. That statute provides, in pertinent part, as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      Plaintiff's Sixth Cause of Action alleges that Defendant violated the Federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, an act of Congress over which this Court has original jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. § 1331.

9.      Because the United States District Courts have original jurisdiction over, and federal law controls actions to address alleged violations of federal statutes, including the

---

CASE NO.:                                3       DEFENDANT'S NOTICE OF REMOVAL OF
                                                 ACTION TO FEDERAL COURT

FLSA, removal of this case to this Court is proper. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986).

10. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

11. Defendant, upon filing this Notice of Removal, also will file a copy of the same with the clerk of the Superior Court of California, Orange County, to effect this removal in accordance with 28 U.S.C. Section 1446(d).

12. In the event the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate

13. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state action was filed within this district, and it is the judicial district in which the action arose. See 28 U.S.C. section 84.

1       WHEREFORE, Defendant prays the above action now pending against it in the

2  Superior Court of the State of California in and for the County of Orange be removed

3  therefrom to this Court.

4

5  DATED:  October 25, 2013          JACKSON LEWIS LLP

6

7

8                     By:   _____

                          Michael A. Hood

9                         Matt Bennett

                          Attorneys for Defendant

10                        KINDRED HEALTHCARE OPERATING, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23    4815-5305-9606, v. 1

24

25

26

27

28

CASE NO.:                5    DEFENDANT'S NOTICE OF REMOVAL OF
                                 ACTION TO FEDERAL COURT

9/25/13 @ 11:37AM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KINDRED HEALTHCARE OPERATING, INC., a corporation; and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIELLE ARMENDARIZ

</td>
<td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/19/2013** at 08:29:01 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

</td>
</tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
30-2013-00676553-CU-WT-CJC

Judge David T. McEachen

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Adams    (Bar # 078706)                                    Fax No.: (209) 473-4818
MAYALL HURLEY, P.C., 2453 Grand Canal Boulevard, Stockton, CA 95207    Phone No.: (209) 477-3833

DATE: 09/19/2013          ALAN CARLSON, Clerk of the Court          , Deputy
*(Fecha)*                                                              Diana Cuevas

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

 **CT Corporation**

**Service of Process Transmittal**
09/25/2013
CT Log Number 523566876

TO: Larissa Oliver
Kindred Healthcare, Inc.
680 South Fourth Street
Louisville, KY 40202-2412

RE: **Process Served in California**

FOR: Kindred Healthcare Operating, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Danielle Armendariz, Pltf. vs. Kindred Healthcare Operating, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Civil Case Cover Sheet, Instructions, Complaint, ADR Packet(s), Stipulation, Order |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201300676553CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination -- 04/29/2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/25/2013 at 11:37 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | John P. Briscoe<br>Mayall Hurley, P.C.<br>2453 Grand Canal Boulevard<br>Stockton, CA 95207<br>209-477-3833 |
| **REMARKS:** | Please note the process server underlined the entity being served prior to receipt by C T |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/25/2013, Expected Purge Date: 09/30/2013<br>Image SOP<br>Email Notification, Larissa Oliver larissa_oliver@kindredhealthcare.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark S. Adams   (Bar # 078706)<br>John P. Briscoe   (Bar # 273690)<br>MAYALL HURLEY, P.C.<br>2453 Grand Canal Boulevard, Stockton, CA 95207<br>TELEPHONE NO: (209) 477-3833   FAX NO: (209) 473-4818<br>ATTORNEY FOR *(Name)*: Plaintiff DANIELLE ARMENDARIZ | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/19/2013** at 08:29:01 AM<br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| STREET ADDRESS: 700 Civic Center Drive West |
| MAILING ADDRESS: 700 Civic Center Drive West |
| CITY AND ZIP CODE: Santa Ana 92701 |
| BRANCH NAME: Central Justice Center |

| CASE NAME:<br>ARMENDARIZ v. KINDRED HEALTHCARE OPERATING, INC., et al. |  |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2013-00676553-CU-WT-CJC |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>Judge David T. McEachen<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

**4.** Number of causes of action *(specify)*: Eight (8)

**5.** This case [ ] is [X] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 19, 2013

John P. Briscoe
(TYPE OR PRINT NAME)                                    ▶ *(signature)*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A, Page 000009

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard, Second Floor
   Stockton, California 95207-8253
3  Telephone (209) 477-3833
   MARK S. ADAMS
4  Cal. State Bar No. 78706
   JOHN P. BRISCOE
5  Cal. State Bar No. 273690

6  Attorneys for Plaintiff, DANIELLE ARMENDARIZ

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

09/19/2013 at 08:28:01 AM

Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ORANGE

10
    DANIELLE ARMENDARIZ,                    Case No.:   30-2013-00676553-CU-WT-CJC
11
          Plaintiff,                                    Judge David T. McEachen
12
                                           COMPLAINT FOR DAMAGES FOR
    v.
13                                         1.  DISABILITY DISCRIMINATION
                                           2.  FAILURE TO ACCOMMODATE
14  KINDRED HEALTHCARE OPERATING,          3.  FAILURE TO ENGAGE IN THE
    INC., a corporation; and DOES 1-100,       INTERACTIVE PROCESS
15  inclusive;                             4.  RETALIATION FOR TAKING
                                               PROTECTED MEDICAL LEAVE
16        Defendants.                          (CFRA)
                                           5.  INTERFERENCE WITH TAKING
17                                             PROTECTED MEDICAL LEAVE
                                               (CFRA)
18                                         6.  INTERFERENCE WITH TAKING
                                               PROTECTED MEDICAL LEAVE
19                                             (FMLA)
                                           7.  FAILURE TO PREVENT
20                                             DISCRIMINATION AND
                                               RETALIATION
21                                         8.  FAILURE TO PAY WAGES UPON
                                               TERMINATION
22

23                                         JURY TRIAL DEMANDED

24

25        Plaintiff Danielle Armendariz brings this action against Kindred Healthcare Operating, Inc.,

26  a corporation, and Does 1-100 for general, compensatory, punitive, and statutory damages, costs

27  and attorneys' fees, resulting from the defendants' unlawful and tortious conduct, and as grounds

28  therefore alleges:

Complaint for Damages
Page 1 of 13

## PARTIES

1.     Plaintiff Danielle Armendariz ("Armendariz") is an individual and is, and was at all times relevant herein, a resident of Orange County, California.  At all times relevant herein, Armendariz was employed in Orange County, California, and was an "employee" as defined by California Government Code section 12926.

2.     Armendariz is informed and believes and thereon alleges that Defendant Kindred Healthcare Operating, Inc. ("KHO") is a Kentucky corporation qualified to do business in the State of California, and an "employer" as defined by Government Code sections 12926(d), 12940(a), and 12940(j)(4)(A).

3.     Armendariz is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise, and therefore sues such Defendants by these fictitious names.  Armendariz will amend this Complaint to allege their true names and capacities when ascertained.   Armendariz is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Armendariz's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

4.     KHO and Does 1-100 are referred to collectively as Defendants.

5.     Armendariz is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

///

**VENUE AND JURY TRIAL DEMAND**

6.    Venue is proper in this court because the discriminatory acts alleged herein took place in Orange County and Armendariz's former place of employment with KHO is located within Orange County.  Armendariz hereby demands a jury trial.

**GENERAL ALLEGATIONS**

7.    In or around March 2010, Armendariz was hired by KHO to work as a patient assessment coordinator in Westminster, California.

8.    In 2011, Armendariz began to suffer pain in her back, neck, hands, and wrists that impaired her ability to work.  She also suffered from severe headaches that also impaired her ability to work.  In December of that year, she saw a chiropractor for her back, neck, and headaches.

9.    In or around July of 2012, Armendariz was given a write-up by Brian Tees ("Tees"), her supervisor and District Director of Sales and Marketing.  This write-up criticized Armendariz for supposedly missing several morning conference calls.  Later that month, Armendariz complained about this write-up in a letter to Leigh Boyd, District Vice President of Sales & Marketing.

10.    In or around July of 2012, after human resources and Brian Tees set up an appointment with her, an employee health nurse at KHO recommended to Armendariz that she use a riser device to elevate her keyboard to alleviate the pain in her wrists and back.

11.    In or around September of 2012, Armendariz informed Tees that she needed to file a workers' compensation claim for the pain to her back, wrists, and hands.  Weeks later, on or around October 10, 2012, a meeting was held with Armendariz, Jeffrey Sopko (human resources), Jean Meussner (human resources), the aforementioned employee health nurse, and Tees.  It was therein arranged for Armendariz to meet with a physical therapist the following week.  In that meeting, Armendariz informed the other persons present that, in the course of her duties, she was not using an external keyboard for her iPad nor a riser because they exacerbated the pain in her hands and wrists.

12.     Approximately one week later, Armendariz had an appointment with a physical therapist who taught her ergonomics (riser, keyboard, posture).

13.     On or around November 8, 2012, Tees summoned Armendariz and wrote her up for not using the keyboard and riser, and also for using poor posture while driving.

14.     Compounding her physical pain, Armendariz began to suffer from acute stress. On or around November 14, 2012, she saw her primary physician for her stress, back pain, and concerns about her pulmonary health. She received a note from her physician authorizing her to remain off work through November 19, 2012; she immediately submitted that note directly to KHO's human resources department and took leave as prescribed.

15.     On or around December 12, 2012, Armendariz was given her annual performance review by Tees with a human resources representative present. It was therein stated to her that she was operating below standards; however, since October 2012 she achieved her "clinical liaisons" goals and was not informed of any performance-related issues.

16.     In or around early January 2013, Doug Weaver ("Weaver"), Director of Marketing for Orange County, gave Armendariz a performance improvement plan, or "PIP." Weaver told Armendariz, in substance, that the PIP was created with input from Tees.

17.     In or around late January 2013, Armendariz asked Weaver about her performance. Weaver said that Armendariz didn't have to worry about anything, that she was doing a great job, and that he was going to ask Tees to promote her to the title of Lead Patient Assessor.

18.     Armendariz was approved for and took protected family leave from January 1, 2013 through January 23, 2013 to care for her mother, who was suffering from cancer.

19.     On or around March 4, 2013, Armendariz was again approved for intermittent medical leave from March 1, 2013 through April 30, 2013. Also, on or around that date, Armendariz e-mailed Weaver to request her schedule be changed to 32 hours per week, and the Friday of each week be a leave day, pursuant to her CFRA/FMLA approval, so that she could care for her mother.

///

///

20.     On or around May 1, 2013, Armendariz saw her primary physician for further treatment for her acute stress.  Her doctor prescribed that she be off work for four weeks.  Armendariz called Unum, KHO medical leave administrator, and opened a medical disability claim.

21.     On or around May 6, 2013, Armendariz was informed by Jean Meussner that she was terminated as of April 29, 2013.  The purported reason for her termination was a failure to meet performance standards.

22.     Armendariz did not receive her final paycheck from KHO until on or around May 13, 2013.

23.     On May 17, 2013, Armendariz filed charges against KHO with the Department of Fair Employment and Housing, and was issued a right-to-sue notice by that Department that same day.

24.     The list of misconduct by Defendants contained in the above allegations is a partial list only, and by way of example.

25.     As a direct and proximate result of Defendants' conduct, Armendariz has been harmed and requests relief as hereafter provided.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(a)**
**(Disability Discrimination)**
**Against KHO and Does 1-100**

26.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 25 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

27.     The FEHA explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation. Gov. Code § 12940(a).  "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status,

Exhibit A, Page 000014

1  sex, age, or sexual orientation" includes a perception that the person has any of those

2  characteristics or that the person is associated with a person who has, or is perceived to have, any

3  of those characteristics. Gov. Code § 12926(n).

4       28.    At all times herein mentioned, Armendariz was qualified for the position she held at

5  KHO.

6       29.    KHO was at all times material herein Armendariz's employer pursuant to

7  Government Code section 12926(d) and was therefore barred from discriminating in its

8  employment decisions in violation of Government Code section 12940(a).

9       30.    Nevertheless, as set forth above, Defendants discriminated against Armendariz

10  based on her disability, perceived disability, and future perceived disability, in violation of

11  Government Code section 12940(a).

12       31.    The acts taken toward Armendariz were carried out by and/or ratified by Defendants

13  and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious

14  manner in order to injure or damage Armendariz, thereby justifying an award to her of punitive

15  damages.

16       32.    As a direct and proximate result of Defendants' conduct, Armendariz has suffered

17  injury and damages and requests relief as hereafter provided.

18                    **SECOND CAUSE OF ACTION**

        **VIOLATION OF GOVERNMENT CODE SECTION 12940(m)**

19                     **(Failure to Accommodate)**

20                **Against KHO and Does 1 – 100**

21       33.    Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 32

22  above as though fully set forth herein, except as said paragraphs are inconsistent with the

23  allegations of this cause of action.

24       34.    The FEHA requires an employer to "make reasonable accommodation for the

25  known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

26       35.    KHO was at all times material herein Armendariz's employer pursuant to

27  Government Code section 12926(d), had knowledge of Armendariz's disabilities and was required

28  to reasonably accommodate her pursuant to Government Code section 12940(m).

Complaint for Damages
Page 6 of 13

36.     Nevertheless, as set forth above, KHO failed to make a reasonable accommodation for Armendariz's known disabilities in violation of Government Code section 12940(m).

37.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Armendariz, thereby justifying an award to her of punitive damages.

38.     As a direct and proximate result of Defendants' conduct, Armendariz has been harmed and requests relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(n)**
**(Failure to Engage in Interactive Process)**
**Against KHO and Does 1 – 100**

39.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

41.     KHO was at all times material herein Armendariz's employer pursuant to Government Code section 12926(d), had knowledge of Armendariz's disabilities and was required to engage in the interactive process pursuant to Government Code section 12940(n).

42.     Nevertheless, as set forth above, KHO failed to engage in a timely, good faith, interactive process to determine effective reasonable accommodations in violation of Government Code section 12940(n).

43.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Armendariz, thereby justifying an award to her of punitive damages.

Complaint for Damages
Page 7 of 13

Exhibit A, Page 000016

44.     As a direct and proximate result of Defendants' conduct, Armendariz has been harmed and requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12945.2
### (Retaliation for Taking Protected Medical Leave)
### Against KHO and Does 1-100

45.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.     The California Family Rights Act ("CFRA") is part of the FEHA and explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has taken protected medical leave.

47.     Nevertheless, as set forth above, Defendants retaliated against Armendariz because she took protected medical leave, in violation of Government Code section 12945.2.

48.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents and/or employees of Defendants acting in an oppressive, fraudulent, and malicious manner, thereby justifying an award of punitive damages.

49.     As a direct and proximate result of Defendants' conduct, Armendariz has suffered injury and damages and requests relief as hereafter provided.

### FIFTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12945.2(l)(1)
### (Interference with Protected Leave – CFRA)
### Against KHO and Does 1-100

50.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 49 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

51.     Under the CFRA it is an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section.  Gov. Code § 12945.2(t).

Complaint for Damages
Page 8 of 13

52.     Nevertheless, as set forth above, Defendants interfered with rights afforded Armendariz under the CFRA in violation of Government Code section 12945.2(t).

53.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents and/or employees of Defendants acting in an oppressive, fraudulent, and malicious manner, thereby justifying an award of punitive damages.

54.     As a direct and proximate result of Defendants' conduct, Armendariz has suffered injury and damages and requests relief as hereafter provided.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. § 2615(a)(1)
### (Interference with Protected Medical Leave – FMLA)
### Against KHO and Does 1-100

55.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 54 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

56.     The Family Medical Leave Act ("FMLA") provides that it is unlawful for an employer "to interfere with, restrain, or deny the exercise of [. . .] any right" under the FMLA.  29 U.S.C. § 2615(a)(1).

57.     As shown above, Defendants violated Armendariz's rights under the FMLA by denying her twelve weeks of leave to which she was entitled.

58.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents and/or employees of Defendants acting in an oppressive, fraudulent, and malicious manner, thereby justifying an award of punitive damages.

59.     As a direct and proximate result of Defendants' conduct, Armendariz has suffered injury and damages and requests relief as hereafter provided.

/ / /

/ / /

/ / /

/ / /

/ / /

Exhibit A, Page 000018

### SEVENTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(k)
#### (Failure to Prevent Discrimination and Retaliation)
#### Against KHO and Does 1-100

60.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 59 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

61.     The FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k),

62.     KHO was at all times material herein Armendariz's employer pursuant to Government Code section 12926(d), and was therefore required to prevent discrimination and retaliation. Government Code section 12940(k).

63.     KHO knew or should have known of the discrimination and retaliation by its employees, supervisors, managers and Does 1-100, inclusive.

64.     Nevertheless, as set forth above, Defendants did nothing to rectify or prevent said discrimination, harassment and retaliation. Instead, Defendants consented to, encouraged, permitted and/or acquiesced to the discrimination, harassment and retaliation.

65.     The acts taken toward Armendariz were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Armendariz, thereby justifying an award to her of punitive damages.

66.     As a direct and proximate result of Defendants' conduct, Armendariz has suffered injury and damages and requests relief as hereafter provided.

///
///
///
///
///
///

Exhibit A, Page 000019

### EIGHTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 200 ET SEQ.
#### (Failure to Pay Wages Upon Termination)
#### Against KHO and Does 1-100

67.     Armendariz hereby realleges and incorporates by reference Paragraphs 1 through 66 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

68.     Pursuant to Labor Code section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

69.     Pursuant to Labor Code section 202, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter . . ."

70.     As set forth above, Defendants intentionally and willfully failed to pay Armendariz wages due and owing upon termination, in violation of Labor Code sections 201 - 202.

71.     In addition, Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

72.     Additionally, Labor Code section 218.5 provides:  "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party . . ."

73.     As a direct and proximate result of Defendants' misconduct, Armendariz has lost wages.

74.     Wherefore, Armendariz has been damaged as set forth above and requests relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Armendariz prays judgment against Defendants as follows:

As to the First, Second, Third, Fourth, Fifth, and Seventh Causes of Action:

1.     For economic (special) and non-economic (general) damages;

Complaint for Damages
Page 11 of 13

2.    For injunctive relief pursuant to Government Code section 19265(c)(3);

3.    For punitive and/or exemplary damages;

4.    For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and Code of Civil Procedure § 1021.5;

5.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287(a) and 3289(b);

6.    For all other and further relief as the Court deems just and proper.

**As to the Sixth Cause of Action:**

1.    For economic (special) and non-economic (general) damages;

2.    For punitive and/or exemplary damages;

3.    For injunctive relief pursuant to 29 USC § 2617(a)(1)(B);

4.    For liquidated damages, including those available under 29 USC § 2617(a)(1)(a)(iii);

5.    For statutory attorneys' fees and costs, including those available under 29 USC § 2617(a)(3);

6.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available 29 USC § 2617(a)(1)(A)(i), according to proof; and

7.    For such other and further relief as the Court deems proper.

**As to the Eighth Cause of Action:**

1.    For economic (special) and non-economic (general) damages;

2.    For attorney's fees and costs, including those available under Labor Code section 218.5 and Code of Civil Procedure section 1021.5;

3.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code sections 3287(a) and 3298(b) and Labor Code section 218.6;

4.    For penalties, including those set forth at Labor Code section 203; and

Exhibit A, Page 000021

1       5.      For such other and further relief as the Court deems proper.

2   ///

3   **DATED:** September 19, 2013          **MAYALL HURLEY P.C.**

4

5             By_____

6                   MARK S. ADAMS
                   JOHN P. BRISCOE

7                   Attorneys for Plaintiff,
                   DANIELLE ARMENDARIZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages
Page 13 of 13

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit A, Page 000023

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. April 2013)                                                      Page 2 of 4

Exhibit A, Page 000024

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit A, Page 000025

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:                          Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐   Mediation

☐   Arbitration (must specify code)
             ☐ Under section 1141.11 of the Code of Civil Procedure
             ☐ Under section 1280 of the Code of Civil Procedure

☐   Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____       _____        _____
                                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____       _____        _____
                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                California Rules of Court, rule 3.221
L1270 (Rev. January 2010)



# Superior Court of California
# County of Orange

CHAMBERS OF
THOMAS J. BORRIS
PRESIDING JUDGE

700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92702
DEPARTMENT C1

September 26, 2012

## AMENDED ADMINISTRATIVE ORDER NO. 12/06

### ORDER TO FILE PAPERS ELECTRONICALLY
#### 2.253(a) of the California Rules of Court

Commencing October 1, 2012, and pursuant to California Rules of Court rule 2.253, the Court orders that all papers filed in actions designated as Auto Tort or Other PI/PD/WDD (Personal Injury/Property Damage/Wrongful Death) on Judicial Council Form CM-010, must be filed electronically. Plaintiff and any cross-complainant naming new parties in all such actions shall serve a copy of this Order on all parties when serving the complaint or cross-complaint. For purposes of complying with rules 2.253(a)(2) and (3), the 10 days for opposing this order begins as follows:

a) for plaintiff, on the filing date of the complaint;

b) for defendant or cross-defendant, on the date the plaintiff or cross-complainant serves a copy of this Order to defendant or cross-defendant.

The full case number must be printed on all filings impacted by this Order.

This order only applies to actions filed on or after October 1, 2012.

IT IS SO ORDERED.

Dated this 26th day of September, 2012.

THOMAS J. BORRIS
Presiding Judge

Exhibit A, Page 000028

1  Michael A. Hood (SBN 71258)
   Matt Bennett (SBN 268373)
2  JACKSON LEWIS LLP
   5000 Birch Street, Suite 5000
3  Newport Beach, CA 92660
   Telephone: (949) 885-1360
4  Facsimile: (949) 885-1380
   Email:    Michael.Hood@jacksonlewis.com
5            Matt.Bennett@jacksonlewis.com

6  Attorneys for Defendant
   KINDRED HEALTHCARE OPERATING, INC.

7

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

10/24/2013 at 11:32:00 AM

Clerk of the Superior Court
By Amy Van Arkel, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ORANGE

10

11 DANIELLE ARMENDARIZ,              ) CASE NO.: 30-2013-00676553-CU-WT-CJC
                                     )
12            Plaintiff,             ) ASSIGNED FOR ALL PURPOSES:
                                     ) JUDGE CRAIG GRIFFIN
13                                   ) COURTROOM C17
       v.                            )
14                                   ) DEFENDANT KINDRED HEALTHCARE
   KINDRED HEALTHCARE                ) OPERATING, INC.'S ANSWER TO
15 OPERATING, INC., and DOES 1-100,  ) PLAINTIFF'S UNVERIFIED COMPLAINT
   Inclusive;                        )
16                                   ) Complaint Filed: September 19, 2013
   Defendants.                       ) Trial Date:  None Set
17                                   )
                                     )
18                                   )
                                     )
19

20

21        Defendant KINDRED HEALTHCARE OPERATING, INC. (hereinafter "Defendant") hereby

22 answers the unverified Complaint ("Complaint") of Plaintiff DANIELLE ARMENDARIZ ("Plaintiff")

23 as follows:

24                              **GENERAL DENIAL**

25        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally

26 and specifically, each and every allegation and cause of action contained in the Complaint and denies

27 that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

28

                                         1
       DEFENDANT KINDRED HEALTHCARE OPERATING, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant further alleges the following affirmative defenses to the purported causes of action in the Complaint, without conceding that it bears the burden of proof or persuasion as to any one of them, as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

2.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338, 340, and 343 and California Government Code sections 12940, 12945 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

3.      Plaintiff's Complaint and each alleged cause of action is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

4.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

### FIFTH AFFIRMATIVE DEFENSE

#### (Exercise of Reasonable Care)

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct

2

Exhibit B, Page 000030

1   promptly any alleged harassing, discriminatory or retaliatory behavior.

2              **SIXTH AFFIRMATIVE DEFENSE**

3        **(Privileged, Good Faith & Justified Conduct)**

4       6.   Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was

5   privileged, made in good faith and/or justified under applicable law and for valid business reasons.

6             **SEVENTH AFFIRMATIVE DEFENSE**

7              **(Equitable Doctrines)**

8       7.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

9   is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

10            **EIGHTH AFFIRMATIVE DEFENSE**

11                 **(Laches)**

12       8.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

13   is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in

14   asserting any claim for relief against Defendant.

15              **NINTH AFFIRMATIVE DEFENSE**

16            **(No Punitive Damages)**

17       9.   Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has

18   failed to raise sufficient allegations of malice, oppression or fraud by an officer, director or managing

19   agent of Defendant within the requirements of California Civil Code section 3294.

20              **TENTH AFFIRMATIVE DEFENSE**

21        **(Punitive Damages Unconstitutional)**

22       10.   Recovery of punitive damages against Defendant is unconstitutional under numerous

23   provisions of the United States Constitution and the California Constitution.

24           **ELEVENTH AFFIRMATIVE DEFENSE**

25                **(Consent)**

26       11.   Any recovery on Plaintiff's Complaint is barred in whole or in part because

27   Plaintiff consented, by words or conduct, to the alleged conduct she now alleges was unlawful.

28

3

Exhibit B, Page 000031

**TWELFTH AFFIRMATIVE DEFENSE**

**(Outside Course and Scope)**

12.     Any recovery on Plaintiff's Complaint is barred in whole or in part against Defendant because even assuming, *arguendo*, that employees of Defendant or others engaged in the conduct alleged in the Complaint, the conduct was outside the course and scope of employment with Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

13.     Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for her alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

14.     Plaintiff is barred from seeking recovery against Defendant for any emotional or physical injury as this Court lacks jurisdiction and such recovery is barred by the exclusivity remedy provisions under the California Workers' Compensation Act, Labor Code Section 3200, *et seq.*

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence to the extent discovery may reveal information which would support this defense.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

16.     Plaintiff has failed to exhaust her administrative remedies, including administrative remedies under the Fair Employment and Housing Act.

DEFENDANT KINDRED HEALTHCARE OPERATING, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit B, Page 000032

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Notice from Plaintiff)

17.     Plaintiff's claims for discrimination and harassment are barred because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant had allegedly engaged in any discriminatory or otherwise unlawful actions against Plaintiff based on disability or any other protected characteristic and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities or to avoid harm otherwise.

### EIGHTHTEENTH AFFIRMATIVE DEFENSE

#### (Defendant Maintained Anti-Harassment and Discrimination Policies)

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant maintained policies prohibiting unlawful conduct and promoting a work environment free from harassment and discrimination.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Managerial Immunity)

19.     Recovery for any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Defendant Entitled to Fees and Costs)

20.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and, Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code Section 12965 and Code of Civil Procedure Section 128.7 upon judgment thereon in Defendant's favor

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Mixed Motives)

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because, assuming, arguendo, that unlawful reasons had been a motivating factor in any employment decision toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff for separate legitimate and lawful business reasons.

Exhibit B, Page 000033

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Undue Hardship)

22.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in that accommodation of Plaintiff's alleged disability would have imposed an undue hardship upon Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Injunctive Relief Improper)

23.    To the extent prayed for in the Complaint, Plaintiff is not entitled to equitable or injunctive relief, because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such alleged conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

24.    Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendant reserves the right to assert additional and different defenses if and to the extent such defenses are applicable.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For cost of suits incurred herein including reasonable attorneys' fees; and

DEFENDANT KINDRED HEALTHCARE OPERATING, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit B, Page 000034

1        5.     For such other and further relief as the Court deems just and equitable.

2

3  Dated:  October 24, 2013         JACKSON LEWIS LLP

4

5

6                  By: _____

7                     Matt Bennett

8               Attorneys for Defendant
                 KINDRED HEALTHCARE OPERATING, INC.

9

10

11

12  4811-4273-8966, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Exhibit B, Page 000035

1                               **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3    **CASE NAME: DANIELLE ARMENDARIZ vs. KINDRED HEALTHCARE OPERATING, INC.**

4    **CASE NUMBER:     30-2013-00676553-CU-WT-CJC**

5           I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not

6    a party to the within action; my business address is 5000 Birch Street, Suite 5000, Newport Beach, CA 92660.

7          On October 24, 2013, I served the foregoing document(s) described as:

8          **DEFENDANT KINDRED HEALTHCARE OPERATING, INC.'S ANSWER TO**
                              **PLAINTIFF'S UNVERIFIED COMPLAINT**

9

10    in this action by placing a true copy thereof in a sealed envelope addressed as follows:

11    Mark S. Adams, Esq.                         Telephone : 209/477-3833
     John P. Briscoe, Esq.                         Facsimile :

12    Mayall Hurley, A Professional Corporation    Email :
     2453 Grand Canal Boulevard

13    Second Floor                                 Attorneys for Plaintiff
     Stockton, CA  95207                      DANIELLE ARMENDARIZ

14

15    **[XX]   BY MAIL**

16         [ ]  I deposited such envelope in the mail at Newport Beach, California.  The envelope was mailed with postage thereon fully prepaid.

17         [XX]  As follows: I am "readily familiar" with the firm's practice of collection and processing

18    correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

19    cancellation date or postage meter date is more than one day after date of deposit for mailing in

20    affidavit.

21    **[]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

22         Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address

23    @jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission

24    was unsuccessful.

25    **[]   BY FEDERAL EXPRESS** I am "readily familiar" with the firm's practice of collection and processing correspondence for deposit with Federal Express.  Under that practice it would be deposited

26    with Federal Express on that same day with fees thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed

27    invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

28

1

_____
PROOF OF SERVICE

1   []     **BY OVERNITE EXPRESS**   I am "readily familiar" with the firm's practice of collection and processing correspondence for deposit with Overnite Express. Under that practice it would be deposited
2   with Overnite Express on that same day with fees thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed
3   invalid if date of receipt of the document by Overnite Express is more than one day after date of deposit for mailing in affidavit.

4   []     **BY FACSIMILE MACHINE**   I transmitted from a facsimile transmission machine whose
5   telephone number is (949) 885-1380 to the above-identified recipient and fax telephone number. The above-described transmission was reported as complete without error by a transmission report issued by
6   the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

7   []     **BY PERSONAL SERVICE**   I caused to be delivered such document by hand to the above-
8   identified recipient through the use of **First Legal Attorney Service** whose address is: 301 Civic Center Drive West, Santa Ana, CA 92701; and whose telephone number is (714) 541-1110.

9   []     **PERSONAL SERVICE**   I delivered the foregoing document by hand delivery to the addressee
10  named above.

11  []     **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

12      I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed
13  Certified/Return Receipt Requested with postage thereon fully prepaid.

14      **As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on**
15  **that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if**
16  **postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.**

17  [XX]    **STATE** I declare under penalty of perjury under the laws of the State of California that the
18  above is true and correct.

19      Executed on October 24, 2013, at Newport Beach, California.

20

21                Lynette M. Beltran

22

23  4842-1362-5622, v. 1

24

25

26

27

28

Exhibit B, Page 000037